O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:  Attorneys **NOT** Present for Defendants:

**Proceedings:**

Plaintiff Glenn Guadalupe, who is proceeding *pro se*, has filed a Third Amended Complaint ("TAC") alleging the following claims: (1) intentional interference in violation of the Family and Medical Leave Act (FMLA); (2) disability discrimination in violation of the Americans with Disabilities Act (ADA); (3) wrongful termination; (4) fraudulent misrepresentation; (5) intentional and/or negligent infliction of emotional distress; (6) "hostile work environment." Defendant City of Los Angeles moves to dismiss the entire complaint. The motion came on for a hearing on December 8, 2008, where the Court ruled on certain of the claims orally and indicated that it would issue a written decision.

For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss the Third Amended Complaint.[1] Specifically, the Court GRANTS the motion as to Plaintiff's FMLA claim and his claims for wrongful termination, fraudulent misrepresentation, and negligent and intentional infliction of emotional distress, with prejudice. The motion to dismiss is DENIED as to Plaintiff's ADA and hostile work environment claims. In addition, the Court STRIKES Plaintiff's prayer for liquidated damages. Finally, the Court also DENIES Plaintiff's Motion for Judgment by Default and petition for permission to file a sur-reply.[2]

//
//
//

---

[1] Docket No. 21.

[2] Docket Nos. 24, 25.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

**I.     FMLA and ADA (Claims 1 and 2)**

Defendant contends that Plaintiff's FMLA and ADA claims are barred by the judicial exhaustion and preclusion doctrines because Plaintiff admittedly did not seek state court review of the adverse Civil Service Commission decision concerning his discharge before bringing this action.

**A.     Judicial Exhaustion**

California's judicial exhaustion doctrine provides that an employee of a state agency who receives a determination that his dismissal was for legitimate, non-discriminatory reasons in a quasi-judicial administrative proceeding is barred from pursuing an inconsistent claim under California's Fair Employment and Housing Act (FEHA) unless the employee first gets the adverse decision overturned in a mandamus action in state court. *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 76 (Cal. 2000). Here, Plaintiff does not assert FEHA claims. In cases following *Johnson*, courts have uniformly interpreted its holding as pertaining only to subsequent actions under FEHA. *See, e.g.*, *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 113 (Cal. 2008) (citing cases); *Ortega v. Contra Costa Community College Dist.*, 156 Cal.App.4th 1073, 1081 (Cal. Ct. App. 2007). Defendant has not cited and the Court has not located any authority supporting the application of the judicial exhaustion doctrine to claims under the FMLA and the ADA. Indeed, *Johnson* is clear authority that the judicial exhaustion doctrine does not apply to Title VII claims, but does apply to FEHA claims. *Johnson*, 24 Cal.4th at 74-76. For the reasons explained below, the Court finds that the same reasoning that exempts Title VII from the exhaustion requirement also exempts the ADA, but not the FMLA.

**B.     Common Law Preclusion**

In applying the judicial exhaustion doctrine to FEHA but not to Title VII, the California Supreme Court in *Johnson* relied upon the U.S. Supreme Court's analysis of the federal common law of preclusion in *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986). *See Johnson*, 24 Cal.4th at 74-76. Given that the judicial exhaustion doctrine and common law preclusion doctrines are related, Defendant also argues Plaintiff is estopped from bringing FMLA and ADA claims under the latter doctrine.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

*Elliott* is the key case for Defendant's estoppel argument, although Defendant did not cite it.

*Elliott* dealt with the application of the federal common law of preclusion to section 1983 claims and Title VII claims. 478 U.S. at 794. The plaintiff brought a Title VII and section 1983 action alleging racial discrimination and then commenced a state administrative proceeding. The district court stayed the federal case pending the outcome of the administrative proceeding, which resulted in a ruling, unfavorable to plaintiff, that his discharge was not racially motivated. *Id.* at 790-92. The plaintiff did not appeal that administrative ruling. The defendant argued that the ruling was entitled to preclusive effect. *Id.* at 792. Applying federal common law, the Supreme Court held that Title VII claims are not precluded by administrative decisions that have not been judicially reviewed on their merits.

The reasoning of *Elliott* is important to this case. The Court surmised that Congress intended to create an exception for Title VII from the common law of preclusion because of two features of Title VII. First, the Equal Employment Opportunity Commission (EEOC) is required to give only substantial weight to the findings of state authorities. *Id.* at 795. This provision, the Court noted, would make little sense if state agency findings precluded Title VII actions in federal court. *Id.* Second, allowing state agency findings to have a binding effect would be inconsistent with the employee's right to *de novo* review of Title VII claims after administrative decisions. *Id.* at 795-96 (citing *Chandler v. Roudebush*, 425 U.S. 840 (1976)). Given this structure for federal administrative adjudication of Title VII claims, the Court concluded, Congress could not have intended for state agency findings to have preclusive effect in Title VII actions in federal court. *Id.* In contrast, the Court held, unreviewed administrative decisions *are* potentially binding in subsequent actions under 42 U.S.C. § 1983, because the Reconstruction Era Congress did not create an exception to the common law of preclusion when it enacted section 1983. *See id.* at 797.

I find that *Elliott*'s holding regarding Title VII should apply to Plaintiff's ADA claim. Although the Supreme Court has not dealt with the preclusive effect of collateral estoppel in an ADA case, it has extended the rule in *Elliott* to the very similar Age Discrimination in Employment Act -- *i.e.*, unreviewed administrative decisions had no preclusive effect on ADEA claims. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

U.S. 104, 110-12 (1991) (holding that the ADEA, with its exhaustion requirements, "plainly assume[d] the possibility of federal consideration after state agencies have finished theirs."). Subsequently, the First and Second Circuits extended the *Elliott* rule to ADA claims. *Thomas v. Contoocook Valley Sch. Dist.*, 150 F.3d 31, 40 n.5 (1st Cir. 1998) ("the ADA incorporates the same Title VII deferral procedures, see 42 U.S.C. § 12117, on which the Supreme Court relied in *Kremer* and *Elliott*; therefore, those holdings apply with equal force in the ADA context."); *Kosakow v. New Rochelle Radiology*, 274 F.3d 706, 735 (2d Cir. 2001) ("to the extent [plaintiff's] employment discrimination claims were based on the ADA, the determinations of the [New York State Division of Human Rights] would have had no effect on subsequent federal litigation."). Those appellate courts' observations make sense. The ADA authorizes the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII when it is enforcing the ADA's prohibitions against disability discrimination in employment. *See* 42 U.S.C. § 12117(a). Because the ADA incorporates the procedural requirements of Title VII, plaintiffs asserting discrimination under the ADA and Title VII alike are entitled to a trial *de novo* in federal court after exhausting administrative remedies. *See id.*; *Chandler*, 425 U.S. 840, 844-45. With respect to procedures and remedies, there is no meaningful distinction between the ADA on the one hand and Title VII and the ADEA on the other. Accordingly, under *Elliott* and its progeny, a plaintiff who sues in federal court under the employment provisions of the ADA is not precluded from relitigating findings of a state administrative agency that have not been judicially reviewed. Plaintiff's ADA claim is not barred by the federal common law of preclusion or by his failure to exhaust state judicial remedies.

The FMLA is different, however, from Title VII, the ADEA, and the ADA. Unlike these anti-discrimination statutes, in the FMLA Congress did not address, even implicitly, the issue of how to treat prior administrative decisions. *Kosakow*, 274 F.3d at 728. The FMLA is not enforced by the EEOC or subject to the procedures and remedies of Title VII. It is enforced by the Wage and Hour Division of the Department of Labor and does not require a plaintiff to exhaust administrative remedies. Because these features are lacking in the FMLA, there is no basis under *Elliott* to exempt FMLA claims from ordinary preclusion principles.

Since there is no bar to preclusion in the FMLA, the Court now turns to the question of whether to give preclusive effect to the factfindings of the CSC. The CSC's

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

factual determinations may be binding on Plaintiff's FMLA claim only if two requirements are met. First, the CSC decision must satisfy the fairness requirements outlined in *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966). The fairness requirements are: (1) the administrative agency must act in a judicial capacity; (2) the agency must resolve disputed issues of fact properly before it; and (3) the parties must have had an adequate opportunity to litigate. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994) (citing *United States v. Utah Constr. & Mining*, 384 U.S. 394, 422 (1966)). Second, the state administrative decision must be one to which the courts of the same state would give preclusive effect. *See Wehrli v. County of Orange*, 175 F.3d 692, 695 (9th Cir. 1999). Under California law, five requirements must be met before an agency's determination of fact will be given preclusive effect in a later proceeding: (1) the issue sought to be precluded from relitigation must have been identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Pacific Lumber Co. v. State Water Resources Control Bd.*, 37 Cal.4th 921, 943-44 (Cal. 2006) (citations omitted).

As to the *Utah Construction* requirements, Plaintiff does not dispute that the CSC was acting in a judicial capacity, but he does contend that he did not have an adequate opportunity to present his case. Defendant disagrees, noting that Plaintiff was afforded an evidentiary hearing where he was able to present evidence through a union representative. Moreover, Defendant notes, the CSC issued a written decision that notified him of his right to judicial review. Although Plaintiff complains of inadequate representation from his union representative, he does not make any valid arguments challenging the procedural adequacy of the hearing itself. *See* TAC ¶¶ 69-72. The Court takes judicial notice of the Hearing Examiner's Report to the CSC, attached to Plaintiff's brief. (Opp'n, Ex. 10.) The Report indicates that the parties presented documentary evidence and witness testimony and that the Examiner addressed Plaintiff's various arguments, including his argument that given his improved attendance in 2001 he was eligible for FMLA leave. (*Id.*) Plaintiff objects not to the adequacy of his hearing, but to the Hearing Examiner's conclusions about the evidence and to the CSC's ultimate determination that he was properly discharged for excessive absenteeism. Based on Plaintiff's account of his hearing in the complaint and the Hearing Examiner's Report,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

the Court finds that he did have an adequate opportunity to litigate. The CSC proceeding satisfies the third fairness requirement.

The Court also finds that the second fairness requirement -- *i.e.*, that the agency resolve disputed issues of fact properly before it -- has been met. The Court takes judicial notice of the CSC's decision dated March 24, 2006 that Plaintiff attached to his opposition brief to Defendant's motion to dismiss the Second Amended Complaint. According to the decision letter, the CSC made three findings: One, the CSC found that the due process provisions of *Skelly* were met. Two, the CSC "sustain[ed] the cause of action that [Guadalupe] had continued unsatisfactory attendance, including authorized absences. Three, the CSC found that "[Guadalupe's] discharge is sustained." The decision letter indicates that the CSC adopted the recommendations of the Hearing Examiner. The Court finds that the CSC's written decision does address the disputed factual issue of the hours Plaintiff worked and thus the second fairness requirement is met.

Although Defendant does not explicitly address the five threshold requirements under California law for collateral estoppel, the Court finds that relitigation of the issue of Plaintiff's eligibility for FMLA leave would be inappropriate. The issue was actually decided, as Plaintiff's own allegations show, and the resolution of that issue was necessary to the determination of whether Plaintiff was excessively absent without justification. In this case, applying collateral estoppel based on the considered factual determinations of a state administrative body that was acting in a judicial capacity would serve the values of finality, judicial economy, and federalism. Given that he is barred from relitigating the issue of whether he accrued sufficient hours to qualify for FMLA leave, Plaintiff cannot state a viable claim for interference with his FMLA rights. *See Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1096 (9th Cir. 2007) (noting that one of the elements a plaintiff must establish for an FMLA interference claim is his eligibility for leave).

In sum, the Court denies Defendant's motion as to the ADA claim and grants the motion as to the FMLA claim.

## II. Wrongful Termination (Claim 3)

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

Plaintiff alleges that his termination was wrongful because the City willfully violated his rights under the FMLA and ADA. TAC ¶ 96. The Court agrees with Defendant that Plaintiff's common law wrongful termination claim is barred by California Government Code § 815, according to *Miklosy v. Regents of the Univ. of California*, 44 Cal.4th 876, 899-900 (Cal. 2008) (holding that § 815 barred common law claims of wrongful termination in violation of public policy against public entities). Therefore, Plaintiff's wrongful termination claim against the City is legally deficient and is dismissed with prejudice.

**III.  Fraudulent Misrepresentation (Claim 4)**

Plaintiff alleges that the City fraudulently misrepresented his eligibility for FMLA leave, causing him emotional, psychological and financial harm, and eventually causing him to be discharged. *See* TAC ¶¶ 97-99. The Court agrees with Defendant that it has immunity under the California Government Code § 818.8 from liability for fraudulent misrepresentation. *See Burden v. County of Santa Clara*, 81 Cal.App.4th 244, 251 (Cal. Ct. App. 2000) (holding that employment by a county agency involved a sufficient financial interest to trigger § 818.8 immunity for liability for claim that agency misrepresented conditions of employment). Accordingly, the Court dismisses the fraudulent misrepresentation claim with prejudice.

**IV.  Negligent and Intentional Infliction of Emotional Distress (Claim 5)**

Defendant challenges Plaintiff's emotional distress claim on the ground that Plaintiff did not plead compliance with the statutory requirement that he present a written claim for damages to the City proper to filing suit. *See* Cal. Gov. Code § 945.5. (Nor did Plaintiff provide evidence of such a claim in his opposition papers.) Failure to timely present a claim to a public entity for damages for personal injuries bars a plaintiff from filing a lawsuit against that entity. *Id.* §§ 911.2, 945.5; *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004) (holding that failure to plead facts demonstrating or excusing compliance with the claim presentation requirement may be grounds for dismissal). At the hearing, counsel from the City Attorney's office represented as an officer of the court that he had inquired with the appropriate City personnel and determined that Plaintiff had not in fact filed a written claim prior to filing this lawsuit. Based on counsel's representation, it appears that permitting Plaintiff to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

amend his pleading would be futile, so the Court dismisses this claim with prejudice.

**V.    Hostile Work Environment (Claim 6)**

Defendant contends that this claim fails because "there is no protected status based upon absence from the workplace." (Mot. at 3.) The following analysis shows that this contention misconstrues the claim.

In pleading the sixth cause of action, Plaintiff did not expressly indicate any statute on which he bases the claim. However, given that the Third Amended Complaint states a claim for disability discrimination under the ADA, but nowhere references FEHA, the Court construes the sixth claim as a claim of disability harassment under the ADA.

Plaintiff has alleged a viable claim for "hostile work environment" under the ADA.[3] Plaintiff expressly alleges that he "worked in an oppressive atmosphere that mischaracterized his SMCs as mere attendance problems, being regarded a liar, with the constant threat of discipline and discharge hanging over him *just for being ill*." TAC ¶ 104 (emphasis added). Given that allegation and the allegations in the rest of the complaint, it is appropriate to construe the complaint as alleging that Plaintiff possessed a protected status -- disability.

**VI.    The City's Request to Strike Portions of Prayer for Relief**

The Court STRIKES Plaintiff's prayer for liquidated damages. The Court previously dismissed Plaintiff's breach of contract claim. There is no basis in Plaintiff's allegations for assessing liquidated damages.

The Court denies Defendant's request to strike Plaintiff's prayer for reinstatement and backpay at the level he allegedly would have been promoted to. Defendant is wrong to assert that the Court lacks the authority to order reinstatement, a remedy that both the

---

[3] Defendant does not challenge the viability under the ADA of a disability harassment claim. The Ninth Circuit has observed that various courts of appeals have assumed that the ADA does recognize a hostile work environment theory. *Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES, *et al.* | | |

FMLA and ADA expressly authorize.  *See* 42 U.S.C. § 2000e-5(g)(1) (incorporated into the ADA by 42 U.S.C. § 12117); 29 U.S.C. § 2617(a)(1)(B).  Defendant argues that Plaintiff merely speculates that he would have been promoted to the "OET 3" level.  That is no reason to strike the prayer, since the Court must accept as true the harm that Plaintiff alleges.  The FMLA and ADA authorize equitable relief tailored to the harm suffered ("equitable relief as the court deems appropriate"), and that includes reinstatement and promotion.  *Id.*

*****

THIS ORDER IS NOT INTENDED FOR PUBLICATION.

|  | : |  |
|---|---|---|
| Initials of Preparer | | RJ |