O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:                Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

On April 9, 2008, Plaintiff Glenn D. Guadalupe, who is proceeding *pro se*, filed this suit against the City of Los Angeles (the "City") alleging claims involving wrongful termination and discrimination in connection with Guadalupe's prior employment with the City.  After two voluntary amendments by Plaintiff, two motions to dismiss by Defendant, and a motion for Reconsideration by Plaintiff, the Court ruled on February 17, 2009 that Plaintiff could proceed on the claims in his Third Amended Complaint ("TAC") for violation of the Americans with Disabilities Act ("ADA"), creation of a hostile work environment (which the Court construed as a claim for disability harassment under the ADA), and violation of the Family and Medical Leave Act ("FMLA").  On October 29, 2009, Defendant moved for summary judgment.  The Court held a hearing on the motion on January 11, 2010.  For the following reasons, the Court GRANTS in part and DENIES in part Defendant's motion.[1]  The Court grants the motion as to Plaintiff's two claims under the ADA and denies it as to Plaintiff's claim under the FMLA.

## II.    SUMMARY OF UNDISPUTED FACTS

The following facts are undisputed unless otherwise noted.

Plaintiff was employed as an Office Engineering Technician with the City of Los Angeles Bureau of Street Lighting from 1990 through August 10, 2005.  Defendant's

---

[1]Docket No. 52.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

Statement of Uncontroverted Facts ("SUF") ¶¶ 1, 5. His job duties included staffing the public works counter at the Bureau of Street Lighting and performing various administrative tasks related to street lighting within the City. SUF ¶¶ 2-3; Defense Ex. 24.

On December 14, 2001, Plaintiff's psychiatrist, Dr. Perry Maloff, diagnosed Plaintiff as "bipolar affective disorder depressed."[2] Maloff Deposition at 12. Plaintiff missed a very large number of days of work (his absences led to thousands of missed hours) between late 2001 and 2004—absences which he attributes to his bipolar disorder. SUF ¶¶ 11-12, 18-19; Hackney Depo. ¶ 12. During the period between December 14, 2001 and August 1, 2003, Dr. Maloff sent several letters to Plaintiff's supervisors, excusing Plaintiff from work for specified periods of time due to an unspecified "medical condition." Defense Exs. 1-20.

Defendant does not dispute that it never offered Plaintiff FMLA leave for any of his absences nor initiated any inquiries during his employment to determine whether he was entitled to FMLA leave. TAC ¶ 83.

On August 10, 2005, the City discharged Guadalupe. SUF ¶ 5. According to the City's December 14, 2004 Inter-departmental Correspondence, the City discharged Guadalupe for "1. Repeated failure and refusal to make reasonable efforts to notify supervisor of inability to report to work; 2. Unexcused, excessive, and patterned absenteeism; 3. Requiring excessive supervision." SUF ¶ 6; Defense Ex. 25.

## III.  LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit

---

[2] Dr. Maloff has since questioned whether this diagnosis was accurate, but he did make such a diagnosis at that time. Maloff Deposition at 155:9-156:5.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

## IV.   DISCUSSION

### A.   Plaintiff's ADA Claims

Plaintiff has brought two claims under the ADA—a claim for disability discrimination and a claim for disability harassment (which Plaintiff calls "hostile work environment"). In order for Plaintiff to establish his claim for disability discrimination under the ADA, 42 U.S.C. § 12112(a), he must show: "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem North America, Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). The four circuits that have found that a cause of action for disability harassment exists have grounded this claim in the same statutory section, 42 U.S.C. § 12112(a). *Lanman v. Johnson County, Kansas*, 393 F.3d 1151, 1155 (10th Cir. 2004); *Shaver v. Independent Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003); *Fox v. General Motors Corp.*, 247 F.3d 169, 175 (4th Cir. 2001); *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 233 (5th Cir. 2001). Accordingly, being a disabled person within the meaning of the ADA is necessary to establish a claim for ADA disability harassment, as well. *See, e.g.*, *Lanman*, 393 F.3d at 1158 (holding that "[e]stablishing a disability within the meaning of the Act is a threshold requirement for all ADA claims" and dismissing the plaintiff's claim on summary judgment because she failed to do so). The Court finds that Plaintiff has not presented evidence sufficient to create a triable issue as to whether he qualifies as disabled under the statute. Summary judgment for Defendant is, therefore, appropriate, and it is unnecessary to proceed to the other elements of the analysis.

An individual is "disabled" within the scope of the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). The terms "substantially" and "major," as used in this definition "need to be interpreted strictly to create a demanding standard for qualifying as disabled . . . ." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002).[3] The *Toyota* Court held that in order to qualify as disabled under the

---

[3]The Court notes that the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, 3553-55 (2008), became effective on January 1, 2009. That Act relaxed the strict standards for qualifying as "disabled" set forth in *Toyota*. The parties did not

Case 2:08-cv-02194-AHM-JEM Document 95 Filed 01/11/10 Page 5 of 10 Page ID #:1127

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

ADA, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long term." *Id.* at 198. The Court continued, "It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires those 'claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Id.* (quoting *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999). As the Ninth Circuit stated in *Josephs*:

> The term "mental impairment" is not defined in the ADA. *See* 42 U.S.C § 12101. ADA regulations however, recognize that "mental impairments" are included within the term "disability," and indirectly define this phrase to include "[a]ny mental or physiological disorder, such as . . . emotional or mental illnesses." 29 C.F.R. § 1630.2(g)(2) & (h)(2) (2005).

*Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006).

Although "a plaintiff's testimony may suffice to establish a genuine issue of material fact" as to "impairment of a major life activity," "[t]o survive summary judgment, an affidavit supporting the existence of a disability must not be merely self-serving and must contain sufficient detail to convey the existence of an impairment." *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1058-59 (9th Cir. 2005) (holding that a plaintiff's affidavit that set forth sufficient evidence to demonstrate a substantial impairment in the major life activities of sleeping, interacting with others, thinking, and reading was enough to create a genuine issue of material fact as to impairment).

---

address this recent statutory change in their moving papers—an omission that is particularly troublesome with respect to defense counsel, whose papers are disappointing in many respects. However, this statutory revision does not affect the Court's analysis, as the act does not apply retroactively, *Becerril v. Pima County Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009), and the alleged adverse employment actions all occurred prior to January 1, 2009.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

Plaintiff has offered no direct evidence to show that the extent of the limitation caused by his 2001 diagnosis of bipolar disorder is substantial in terms of his own experience.[4]  *See* Opp'n at 12-14.  Even assuming that Plaintiff's unauthenticated exhibits are admissible, the only evidence Plaintiff offers with respect to his disability is: (1) deposition testimony from Dr. Maloff that he had diagnosed and treated Plaintiff for bipolar disorder starting in late 2001 and continuing into 2003, Maloff Deposition at 10:21-13:5, 14:6-14:18 & 92:14-92:18, and (2) an unauthenticated letter purportedly from a Dr. Bimlesh Garg dated June 6, 2005, Plaintiff's Ex. 72.  The Garg letter states, "Glenn Guadalupe was diagnosed with manic-depression, and has been taking Lithium and Zoloft for treatment."  *Id.*  The letter also states, "Manic-depression, as well as the side-effects of medication, are sufficient to prevent a sufferer from performing the normal functions of life."  *Id.*  All of this evidence consists merely of general assertions about bipolar disorder.  Plaintiff does not offer any direct evidence—through his deposition testimony, a declaration, or otherwise—of any effects that the bipolar disorder had on the activities of central importance to his daily life.  For example, he proffers no facts whatsoever showing that he could not sleep, feed himself, bathe, get around from one room or one place to another, dress himself, deal with people, or *any* major life activity.  In addition, Plaintiff has presented no evidence to show that his bipolar disorder affected his ability to perform not only his job, but *any* job.

---

[4]Plaintiff also contends that he is entitled to ADA protection for a period of time between September 1992 through December 1998 when he alleges he was discriminated against for having the disease Valley Fever.  TAC ¶¶ 4-48.  However, Plaintiff already fully adjudicated his ADA allegations involving Valley Fever on the merits in State Court.  SUF ¶¶ 85-88; Defense Ex. 22.  That case resulted in a judgment of nonsuit dismissing Plaintiff's claims.  *Id.*  As such, Plaintiff's claims are barred under *res judicata*.  *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 375 (1996); *Busick v. Workmen's Comp. Appeals Bd.*, 7 Cal. 3d 967, 974 (1972).  Plaintiff argues that he should be excused from the preclusive effect of the state court suit because he was not adequately represented because, he asserts, his counsel withdrew immediately before trial forcing him to proceed *pro se*.  However, Plaintiff has offered no evidence of a deprivation of due process from proceeding *pro se*.  Plaintiff's reliance on *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992) is unavailing because that court found that the plaintiff's representation was adequate and he was bound by the prior judgment.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

In an effort to prove that it was justified in terminating Plaintiff, the City offers evidence that Plaintiff missed many days of work. Plaintiff could try to turn that around and argue that his absences were necessitated by illness and that work in its own right is a major life activity. Then he could assert that this could raise an inference that his bipolar disorder was interfering with his job. But even if he indulged in such advocacy, it would not be enough. "[W]hen the 'major life activity' that is 'substantially limit[ed]' is working, [in order to qualify for protection] the employee must be regarded as unable to work in a 'class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" *Josephs*, 443 F.3d at 1063 (9th Cir. 2006) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). There is no evidence in the record to show that Plaintiff was unable to work in a broad class of jobs, and, therefore, no evidence that he was substantially limited in the major life activity of working.

Because Plaintiff has failed to create a genuine issue of material fact as to whether he qualifies as "disabled" under the ADA, the City is entitled to summary judgment on this issue. Thus, both of Plaintiff's claims under the ADA—claim two for disability discrimination and claim six for hostile work environment—fail.

### B.     Plaintiff's FMLA Claim

Plaintiff offers evidence that precludes summary judgment on his FMLA claim. As this Court stated in its February 17, 2009 Order:

> Under the FMLA it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. 29 U.S.C. § 2615(a)(1). The Department of Labor's regulations specify that "interference" includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave" and that one such form of prohibited interference is the consideration of the employee's use of FMLA-covered leave as a negative factor in employment decisions. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003) (citing 29 C.F.R. § 825.220(b), (c)); *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1123 (9th Cir.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

> 2001) (upholding these regulations as reasonable). Moreover, a violation of the FMLA itself or of the regulations constitutes interference with an employee's rights. *Xin Liu*, 347 F.3d at 1133 (citing 29 C.F.R. § 825.220(b)). However, the FMLA's prohibition against interference protects an employee against disciplinary action based on his absences only if the absences are taken for one of the reasons enumerated in the FMLA. *Bachelder*, 259 F.3d at 1125. Thus, to prevail on his claim, Plaintiff must show not only employer actions constituting interference but also that his absences were for a protected reason, such as a "serious health condition." 29 U.S.C. § 2612(a)(1)(D).
>
> The core issue raised by Plaintiff's allegations is whether Plaintiff had provided sufficient notice to his employer of his need for medical leave in 2002. Once an employee provides notice of the need for leave, "[i]t is the employer's responsibility to determine when FMLA leave is appropriate, to inquire as to specific facts to make that determination, and to inform the employee of his or her entitlements." *Xin Liu*, 247 F.3d at 1134. An employee is not required to "expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed." *Id.* (citing 29 C.F.R. § 825.302(c)). "Employees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply." *Bachelder*, 259 F.3d at 1130.

February 17, 2009 Order at 9-10. The Court further ruled in that Order:

> To the extent Plaintiff's FMLA interference claim arises from any alleged willful violations occurring prior to April 8, 2002, those violations are certainly barred by the three year statute of limitations for willful violations of FMLA. *See* 29 U.S.C. § 2617(c)(2). However, the statute of limitations does not bar Plaintiff's claim that the City interfered with his rights by using his medical absences to justify his discharge in August 2005.

*Id.* at 12.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

Defense counsel has disregarded the Court's prior order and persists in arguing, contrary to Ninth Circuit precedent in *Xin Liu*, that the employee has the burden to specifically request FMLA leave in order to qualify to take it. As explained above, this is not the case. The evidence presented to the Court includes numerous letters from Dr. Maloff to Plaintiff's supervisors at work, written between December 14, 2001 and July 8, 2003, indicating that Plaintiff needed to be absent from work for medical reasons. Defense Exs. 1-20. Most of these letters were written after the statute of limitations cutoff of April 8, 2002. Defense Exs. 6-20. These letters are sufficient to raise a genuine issue of material fact as to whether the City was on notice as to Plaintiff's need for FMLA leave and, therefore, required to undertake steps to determine Plaintiff's eligibility.

Defendant argues that it has established that Plaintiff was ineligible for FMLA protection at all relevant time periods. In order for Plaintiff to be eligible for leave under the FMLA at any given point in time, he must have worked at least 1,040 hours during the previous 12-month period.[5] Defendant offers uncontroverted evidence that Plaintiff did not meet these hours requirements between October 2002 and December 2004. SUF ¶ 23; Hackney Decl. ¶ 12. However, Plaintiff offers evidence that he had sufficient hours accrued to qualify for FMLA protection between April 8, 2002 and June 22, 2002, as well as between March 1, 2005 and March 29, 2005. Plaintiff's Ex. 84; Guadalupe Decl. At least two of Dr. Maloff's letters excusing Plaintiff from work for medical reasons were written between April 8, 2002 and June 22, 2002. Defense Exs. 6-8. The court must view the evidence in the light most favorable to the nonmoving party—here, Plaintiff—and draw all reasonable inferences in that party's favor. See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Thus, there is a genuine issue of material fact as to whether Plaintiff was entitled to FMLA leave between April 8, 2002 and June 22, 2002. As to the period between March 1 and March 29, 2005, Plaintiff asserted at today's hearing that a note that he submitted from Dr. Garg could raise an inference that Defendant was on notice of his need for FMLA leave during this time period. *See* Plaintiff's Ex. 41. The Court and the parties examined this note during the hearing for this motion. The note is unauthenticated and illegible; even the date is

---

[5]Ordinarily, the requirement would be 1,250 hours. 29 U.S.C. § 2611(2)(A)(ii). But in the proceeding before the Hearing Examiner, the City recognized that the Plaintiff's representative MOU required only 1,040 hours.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2194 AHM (JEMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | GLENN D. GUADALUPE v. THE CITY OF LOS ANGELES | | |

unclear (it appears to be dated March 21, 2005, but the year may not be 2005). *See id.* This note does not constitute evidence to support the proposition that Defendant was on notice of Plaintiff's need for FMLA leave in March of 2005.

As such, the Court DENIES Defendant's motion for summary judgment as to the FLMA claim, but the only possibly surviving aspects of that claim are for the period from April 8, 2002 to June 22, 2002.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion for summary judgment. The Court grants the motion as to Plaintiff's two claims under the ADA and denies it as to Plaintiff's claim under the FMLA.

This order is not intended for publication, including in the online databases of LEXIS or WESTLAW.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |